

# THE ATTORNEY GENERAL
## OF TEXAS

CRAWFORD C. MARTIN
ATTORNEY GENERAL

AUSTIN, TEXAS 78711

June 16, 1967

Honorable J. R. Singleton
Executive Director
Texas Parks and Wildlife Department
Austin, Texas

Opinion No. M- 94

RE: Whether the Parks and Wildlife Department can utilize funds made available in Item 16 of House Bill 12, 59th Legislature, for the purpose of purchasing lands adjoining, or not adjoining, existing State Parks and/or wildlife management areas when such lands will be used to increase opportunities for hunting and fishing for the benefit of the public.

Dear Mr. Singleton:

You have requested the opinion of this office upon the following questions:

"1. Can the Parks and Wildlife Department utilize funds made available in Item. 16 of House Bill 12, 59th Legislature for the purpose of purchasing lands adjoining existing State Parks and/or Wildlife management areas when such lands will be used to increase opportunities for hunting and fishing for the benefit of the public?

"2. Can the Department utilize funds made available in Item 16 of House Bill 12, 59th Legislature for the purpose of purchasing lands not adjoining existing State Parks and/or wildlife management areas when such lands will be used to increase opportunities for hunting and fishing for the benefit of the public?"

You have advised that it is planned that such lands be acquired and managed in conjunction with the Secretary of the Interior, under Acts of Congress authorizing Federal participation, in accordance with the terms of the respective United States Statutes.

-424-

Item 16 of House Bill 12, 59th Legislature, provides an appropriation to the Parks and Wildlife Department, as follows:

"For making necessary studies relating to Fish and Wildlife resources and for expansion and development of recreation areas to provide additional opportunities of hunting and fishing in state-owned land and waters for the benefit of the public in accordance with the provisions of House Bill No. 21, Acts of the 58th Legislature Out of Sand, Shell and Gravel Fund revenues accruing to the Special Game and Fish Fund...." (Emphasis supplied.)

Article 895, Penal Code of Texas, in providing for the issuance of hunting licenses, and the deposit of the proceeds therefrom into a "special game fund", contains the proviso that:

"such fund shall be used solely for the purpose of wild bird and game protection; for the creation, purchase, and maintenance of game sanctuaries and public hunting ground;..." (Emphasis supplied.)

Article 4386b, Vernon's Civil Statutes, consolidates and transfers funds from the "Special Game Fund" and other funds into the Special Game and Fish Fund, and Section 3 of such Article sets out the uses to be made of such consolidated fund as follows:

"The Special Game and Fish Fund shall be used for the aggregate purposes for which the Special Game Fund, the Special Fish Propogation and Protection Fund, the Fish and Oyster Fund, the Sand, Shell and Gravel Fund, and the Lake Worth-Eagle Mountain Lake Fund is now directed by law to be used."

Section 6 of House Bill No. 21, Acts of the 58th Legislature (Article 978f-3a, Vernon's Penal Code), provides as follows:

"The State of Texas assents to the provisions of the Acts of the U. S. Congress entitled 'An Act to provide that the United States shall aid the states in wildlife-restoration projects, and for other purposes' approved September 2, 1937 (Public

Law No. 415, 75th Congress),[1] and 'An Act to provide that the United States shall aid the States in fish-restoration management projects, and for other purposes,' approved August 9, 1950 (Public Law No. 681, 81st Congress.),[2] and any amendments thereto, and the Parks and Wildlife Commission is authorized and empowered to perform such acts as may be necessary to the conduct and establishment of cooperative wildlife-restoration and cooperative fish-restoration projects, as defined in said Acts of Congress, in compliance with said Acts, with rules and regulations promulgated thereunder by the Secretary of the Interior, and with enactments of Texas Legislature; and no funds accruing ... shall be diverted for any other purposes than for necessary studies and management of the fish and game resources of this State and for the expansion and development of additional opportunities of hunting and fishing in State-owned land and waters for the benefit of the public whenever practicable and to embrace whenever feasible the principle of multiple use of our land and waters for better hunting and fishing opportunities...." (Emphasis supplied.)

Said Public Law No. 415, 75th Congress, provides, in part, as follows:

"§ 669. The Secretary of the Interior is authorized to cooperate with the States, ..., in wildlife-restoration projects as hereinafter in sections 669-669b, and 669c-669i of this title set forth ...

"§ 669a. For the purpose of sections 669-669b, and 669c-669i of this title the term 'wildlife-restoration project' shall be construed to mean and include the selection, restoration, rehabilitation, and improvement of areas of land or water adaptable as feeding, nesting, or breeding places for wildlife, including acquisition by purchase, condemnation, lease, or gift of such areas or estates or interests therein as are suitable or capable of being made suitable therefor, ..."

Said Public Law No. 681, 81st Congress, provides, in part, as follows:

---

1. 16 U.S.C.A. §§ 669-669j
2. 16 U.S.C.A. SS 777-777k

"§ 777. The Secretary of the Interior is authorized and directed to cooperate with the States through their respective State fish and game departments in fish restoration and management projects as hereinafter set forth; ...

"§ 777a. For the purpose of this chapter the term 'fish restoration and management projects' shall be construed to mean projects designed for the restoration and management of all species of fish which have material value in connection with sport or recreation in the marine and/or fresh waters of the United States and include -

. . .

"(d) the selection, restoration, rehabilitation, and improvement of areas of water or land adaptable as hatching, feeding, nesting, or breeding places for fish, including acquisition by purchase, condemnation, lease, or gift of such areas or estates or interests therein as are suitable or capable of being made suitable therefor, ..." (Emphasis supplied.)

Webster's Third New International Dictionary, Unabridged, under its first listed meaning of the word "expansion" contains the following: "The act or process of increasing in extent, size, number, volume, or scope." Said dictionary, under its seventh listed meaning of the word "develop" sets out "acquire" as a synonym.

The foregoing quoted authorities show that the Parks and Wildlife Department, independent of Item 16, House Bill 12, 59th Legislature, has specific authority to purchase land with funds appropriated from The Special Game and Fish Fund to be used to increase opportunities for hunting for the benefit of the public, through and by reason of Article 895, Vernon's Penal Code, and Article 4386b, Vernon's Civil Statutes. Such purchase for the combined "hunting and fishing" purposes would still be an authorized purchase for public hunting and would follow the Legislative directive set out in Article 978f-3a, of embracing "the principle of multiple use of our land and waters for better hunting and fishing opportunities...." Clearly the purchase of such lands for both hunting and fishing purposes is authorized by Article 978f-3a, (where there is to be Federal participation under Public Law 415, 75th Congress, or Public Law

681, 81st Congress) and the statute further authorizes and empowers the Parks and Wildlife Department to perform such acts as may be necessary to the conduct and establishment of cooperative wildlife and fish restoration projects as defined in said Acts of Congress, and which Acts of Congress specifically provide for the purchase of land as a part of such project. Item 16, House Bill 12, 59th Legislature, in authorizing expenditure for the expansion and development of such areas, specifically authorizes the "increase in number" and the "acquiring" of such areas by the purchase of them. Article 978f-3a, in prohibiting expenditures except "for the expansion and development of additional opportunities of hunting and fishing in State-owned land and waters for the benefit of the public whenever practicable" does not prohibit the "increase in number" or the "acquiring" of additional land otherwise authorized to be purchased, but is a requirement that the state must own the land before such funds are expended on it, to enhance the hunting opportunities. It, therefore, follows that it is the opinion of this office that your first question should be, and is, answered in the affirmative.

Inasmuch as Item 16, House Bill 12, 59th Legislature, authorizes the "increase in number" and the "acquiring" of such hunting and fishing grounds and there is no requirement that such purchases be limited to lands lying adjacent or contiguous to existing State Parks or wildlife management areas, it is the opinion of this office that your second question should also be, and is, answered in the affirmative.

## SUMMARY

The Parks and Wildlife Department is authorized to utilize funds made available in Item 16 of House Bill 12, 59th Legislature for the purpose of purchasing lands either adjoining or not adjoining State Parks and/or wildlife management areas, when such land will be used to increase opportunities for hunting and fishing for the benefit of the Public.

Yours very truly,

CRAWFORD C. MARTIN
Attorney General of Texas

-426-

Prepared by Harold G. Kennedy
Assistant Attorney General

HGK/vmo

APPROVED:
OPINION COMMITTEE

Hawthorne Phillips, Chairman
W. V. Geppert, Co-Chairman

Kerns Taylor
John Fainter
John Grace
Sam Kelley

A. J. CARUBBI, JR.
Staff Legal Assistant